UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANIELLE ENOMOTO, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>SIEMENS INDUSTRY, INC.,<br><br>   Defendant. | Case No. 23-cv-03779-JSC<br><br>**ORDER RE DEFENDANT'S MOTION TO TRANSFER OR, IN THE ALTERNATIVE, DISMISS OR STAY**<br><br>Re: Dkt. No. 17 |

Plaintiffs Enomoto and Johnson bring this putative class action against Siemens Industry, Inc. (Siemens) for its failure to properly compensate its employees for minimum and overtime wages owed, as well as various other California Labor Code wage and hour violations. (Dkt. No. 1-1 ¶¶ 3-5.)[1] Before the Court is Defendant's motion to transfer under 28 U.S.C. § 1404(a) or, in the alternative, dismiss, stay, or transfer this case under the first-to-file doctrine. (Dkt. Nos. 8, 17.) Having carefully considered the briefing, the Court concludes oral argument is unnecessary, *see* Civ. L. R. 7-1(b), and GRANTS Defendant's motion to transfer the action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

**BACKGROUND**

Plaintiffs' putative class action complaint seeks money damages for (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest periods; (5) failure to maintain payroll records; (6) failure to provide accurate, itemized wage statements; (7) failure to reimburse business expenses; (8) failure to pay wages and commissions at separation; (9) failure to provide written commissions agreement; (10) unlawful

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

deduction of wages; and (11) unfair business practices under California Labor Code §§ 201-03, 204, 210, 221, 226, 226.7, 510, 512, 1194, 1194.2, 1197, and 1198 and Business and Professions Code §§ 17200, *et seq*.  (Dkt. No. 1-1 ¶¶ 5-8, 88-94.)  Plaintiff Enomoto worked for Defendant from approximately February 2020 to March 2020, and Plaintiff Johnson worked for Defendant from approximately October 2019 to February 2022.  (*Id*. ¶¶ 14-15.)

### A. Procedural History

#### 1. *Enomoto I*

On March 2, 2022, Plaintiff Enomoto filed a putative class action complaint in the Central District of California alleging Defendant Siemens "engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act, 29 U.S.C. § 201" and failed to maintain a policy compensating its employees for overtime wages.  *Enomoto v. Siemens Industry, Inc.*, 2:22-cv-00334-DOC-KES, Dkt. No. 1 ¶¶ 3-4 (C.D. Cal Mar. 2, 2022).[2]  Plaintiff Enomoto claimed "[d]uring every week of her employment from February of 2020 to March of 2020, Plaintiff worked more than 40 hours a week without being paid overtime."  (*Id*.)  Enomoto amended her complaint to include the same state law claims alleged under the California Labor Code in the instant action:

> (a) Failing to pay all minimum wages owed;
> (b) Failing to pay all overtime wages owed;
> (c) Failing to provide meal periods, or compensation in lieu thereof;
> (d) Failing to provide rest breaks, or compensation in lieu thereof;
> (e) Failing to provide accurate itemized wage statements;
> (f) Failing to reimburse for all business expenses;
> (g) Failing to timely pay all wages and commissions due upon separation of employment;
> (h) Failure to provide written contracts; and
> (i) Unlawful wage deductions.

---

[2] The Court takes judicial notice of the state and federal filings requested by Defendant, (Dkt. No. 8-1), including those in *Enomoto v. Siemens Industry, Inc.*, 2:22-cv-00334-DOC-KES; *Enomoto v. Siemens Industry, Inc.*, 22-56062; *Enomoto v. Siemens Industry, Inc. et al*, 3:22-cv-03904-RS; *Enomoto v. Siemens Industry, Inc. et al*, No. 22-cv-022814; and *Johnson v. Siemens Indus., Inc.*, No. 23-CV-01562-RS.  *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).  A court can take judicial notice of facts "not subject to reasonable dispute" because they are "generally known within the court's territorial jurisdiction" or can be "accurately determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  This includes "undisputed matters of public record, including documents on file in federal and state courts."  *Harris v. Cty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012).

(*Id*. at Dkt. No. 19 ¶¶ 6-10 (Aug. 12, 2022).)

The Central District court dismissed without prejudice Enomoto's Fair Labor Standards Act claim for failure to state a claim, declined to exercise supplemental jurisdiction over Enomoto's remaining state law claims, and, finding Defendant had not shown the amount in controversy exceeded $5 million, concluded jurisdiction could not be maintained under the Class Action Fairness Act. (*Id*. at Dkt. No. 42 (Oct. 28, 2022).) So, the court directed Plaintiff to pursue the state claims in state court. (*Id*.) Defendant Siemens appealed to the Ninth Circuit the Central District court's dismissal of Enomoto's state law claims for lack of diversity jurisdiction under the Class Action Fairness Act, complaining "it subjects Defendant to litigating the dismissed state law claims in state court." (*Id*. at Dkt. No. 45 at 2 (Nov. 16, 2022.)) That appeal is currently pending before the Ninth Circuit. *Enomoto v. Siemens Industry, Inc.*, 22-56062.

### 2. *Enomoto II*

While *Enomoto I* was pending in the Central District of California, on May 26, 2022, Plaintiff Enomoto filed a Private Attorneys General Act (PAGA) and putative class action complaint in Alameda Superior Court accusing Defendant Siemens of violating state wage and hour laws by:

> (a) Failing to pay all minimum wages owed;
> (b) Failing to pay all overtime wages owed;
> (c) Failing to provide meal periods, or compensation in lieu thereof;
> (d) Failing to provide rest breaks, or compensation in lieu thereof;
> (e) Failing to provide accurate itemized wage statements;
> (f) Failing to reimburse for all business expenses; and
> (g) Failing to timely pay all wages and commissions due upon separation of employment.

*Enomoto v. Siemens Industry, Inc.*, 3:22-cv-03904-RS, Dkt. No. 1-1 ¶¶ 3-4 (N.D. Cal July 1, 2022). Defendant Siemens removed *Enomoto II* to the Northern District on July 1, 2022. (*Id*. at Dkt. 1.) On August 29, 2022, Enomoto voluntarily dismissed *Enomoto II* because the parties stipulated to prosecute the alleged causes of action in the Central District of California, along with *Enomoto I*. (*Id*. at Dkt. No. 16-1 ¶ 7.) Pursuant to Enomoto's request for dismissal, the Northern District court dismissed *Enomoto II* without prejudice. (*Id*. at Dkt. No. 17.)

3

### 3. *Enomoto III*

On November 29, 2022, after the dismissal of the Central District action, Plaintiff Enomoto again filed a PAGA complaint in Alameda Superior Court accusing Defendant Siemens of violating state wage and hour laws by:

> (a) Failing to pay all minimum wages owed;
> (b) Failing to pay all overtime wages owed;
> (c) Failure to pay all commissions earned;
> (d) Failing to provide meal periods, or compensation in lieu thereof;
> (e) Failing to provide rest breaks, or compensation in lieu thereof;
> (f) Failing to provide accurate itemized wage statements;
> (g) Failing to reimburse for all business expenses;
> (h) Failing to timely pay all wages and commissions due upon separation of employment;
> (i) Failure to provide written contracts for commissioned employees; and
> (j) Unlawful wage deductions.

(Dkt. No. 8-9 ¶ 4.) On May 10, 2023, the superior court stayed *Enomoto III* for six months because *Enomoto I* covered the same subject matter and is pending appeal before the Ninth Circuit. (Dkt. No. 8-11 at 4.)

### 4. *Johnson I*

On April 3, 2023, Plaintiff Johnson filed a putative class action complaint in the Northern District of California alleging Defendant Siemens "engaged in a systematic pattern of wage and hour violations under the Fair Labor Standards Act." *Johnson v. Siemens Indus., Inc.*, No. 23-CV-01562-RS, 2023 WL 4686015, Dkt. No. 1 ¶ 3 (N.D. Cal. Apr. 3, 2023). The Northern District court transferred the action to the Central District of California, "where a nearly identical FLSA action was previously filed by the same plaintiff's counsel." *Johnson v. Siemens Indus., Inc.*, No. 23-CV-01562-RS, 2023 WL 4686015, at *1 (N.D. Cal. July 21, 2023). Indeed, Chief Judge Seeborg explained:

> Although the named plaintiff is different, the same counsel is endeavoring to bring the same claims on behalf of the same class. While there might be circumstances under which a new named plaintiff can justify filing in a different venue, Johnson and the Lebe firm have articulated no satisfactory reason for doing so here. In lieu of exercising the right to amend in Enomoto I, the Lebe firm filed essentially the same complaint, previously found insufficient, in a new venue. **The appearance of intentional shopping for a different result is inescapable**.

4

*Id.* at *3 (emphasis added).

### 5. *Enomoto IV*

On June 22, 2023, Plaintiffs Enomoto and Johnson filed the instant action in Alameda County Superior Court alleging Defendant Siemens violated state wage and hour laws by, among other things,

> (a) Failing to pay all minimum wages owed;
> (b) Failing to pay all overtime wages owed;
> (c) Failing to provide meal periods, or compensation in lieu thereof;
> (d) Failing to provide rest breaks, or compensation in lieu thereof;
> (e) Failing to provide accurate itemized wage statements;
> (f) Failing to reimburse for all business expenses;
> (g) Failing to timely pay all wages and commissions due upon separation of employment;
> (h) Failure to provide written contracts; and
> (i) Unlawful wage deductions.

(Dkt. No. 1-1 ¶ 5.) On July 28, 2023, Defendant Siemens removed *Enomoto IV* to this Court. (Dkt. No. 1.) Defendant now moves to transfer *Enomoto IV* to the Central District of California under 28 U.S.C. § 1404(a) or, in the alternative, for dismissal or a stay pending the Ninth Circuit appeal of *Enomoto I*.

## DISCUSSION

### A. Subject Matter Jurisdiction

As a preliminary matter, the Court does not have to find federal subject matter jurisdiction to adjudicate Defendant's motion to transfer because a transfer under 28 U.S.C. 1404(a) is not a merits adjudication. *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) ("[J]urisdiction is vital only if the court proposes to issue a judgment on the merits."); *Potter v. Hughes*, 546 F.3d 1051, 1055 (9th Cir. 2008) ("Supreme Court precedent is clear that we may choose among threshold grounds for denying audience to a case on the merits." (cleaned up)); *see also Pub. Employees' Ret. Sys. of Mississippi v. Stanley*, 605 F. Supp. 2d 1073, 1075 (C.D. Cal. 2009) ("A decision to transfer for inconvenient forum is not a decision on the merits and therefore does not require a finding of jurisdiction.").

Plaintiffs' insistence this Court cannot transfer because the Central District's decision in

*Enoomoto I* is on appeal is wrong. This is a different case. It is not on appeal. So, the cases Plaintiffs cite about a court losing jurisdiction once the case is appealed (Dkt. No. 18 at 2) do not apply.

### B. Transfer

Defendant styles its transfer motion as sought for "the convenience of the parties" under 28 U.S.C. § 1404(a) and/or under the first-to-file doctrine. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). Section 1404(a) exists to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (cleaned up). District courts have discretion to adjudicate motions for transfer based on an individualized, case-by-case consideration of convenience and fairness. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000). The burden lies with Defendant, as the movant, to demonstrate jurisdiction and proper venue would exist in the district to which transfer is requested and the balance of conveniences favors transfer. *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

#### 1. Jurisdiction and Venue in the Central District of California

"[T]he power of a District Court under § 1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff." *Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960). "[A] forum which had been improper for both venue and service of process was not a forum where the action 'might have been brought.'" *Van Dusen v. Barrack*, 376 U.S. 612, 620 (1964). Because venue and jurisdiction are proper in the Central District, *Enomoto IV* might have been brought in the Central District.

First, the Central District of California can exercise specific personal jurisdiction over Defendant because the acts giving rise to Plaintiffs' claims occurred in the Central District of California. *Enomoto I*, 2:22-cv-00334-DOC-KES, Dkt. No. 1 ¶ 7 (C.D. Cal Mar. 2, 2022) ("The

United States District Court for the Central District of California has personal jurisdiction over Defendant because many of the acts complained of and giving rise to the claims alleged took place in California and in this District."); *see Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) ("California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution."); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923–24 (2011) ("Adjudicatory authority is 'specific' when the suit arises out of or relates to the defendant's contacts with the forum." (cleaned up)).  Defendant maintains an office in Orange County, California employing approximately 275 employees where Plaintiff Enomoto was employed as a Fire and Life Safety Representative and Plaintiff Johnson was employed as a Senior Sales Executive.  (Dkt. No. 8-15 ¶¶ 5-7.)  As Orange County is within the Central District of California, Defendant is subject to the Central District's exercise of personal jurisdiction.

Second, venue is proper in the Central District of California because "a substantial part of the events or omissions giving rise to the claim occurred" in the Central District of California.  28 U.S.C. § 1391(b)(2); (Dkt. No. 8-15 ¶¶ 5-7); *Enomoto I*, 2:22-cv-00334-DOC-KES, Dkt. No. 1 ¶ 7 (C.D. Cal Mar. 2, 2022).

Thus, *Enomoto IV* could have been brought in the Central District of California.  Indeed, Plaintiffs filed *Enomoto I* in the Central District of California and voluntarily dismissed *Enomoto II* so the alleged causes of action could proceed in the Central District of California with *Enomoto I*.  *Enomoto I*, 2:22-cv-00334-DOC-KES (C.D. Cal Mar. 2, 2022); *Enomoto II*, 3:22-cv-03904-RS, Dkt. No. 16-1 ¶ 7 (N.D. Cal Aug. 29, 2022).  Moreover, a Northern District court recently transferred *Johnson I* to the Central District of California, "where a nearly identical FLSA action was previously filed by the same plaintiff's counsel."  *Johnson v. Siemens Indus., Inc.*, No. 23-CV-01562-RS, 2023 WL 4686015, at *1 (N.D. Cal. July 21, 2023).

### 2. Convenience

In analyzing convenience, the Court may consider:

> (1) plaintiffs' choice of forum, (2) convenience of the parties, (3) convenience of the witnesses, (4) ease of access to the evidence, (5) familiarity of each forum with the applicable law, (6) feasibility of consolidation with other claims, (7) any local interest in the controversy, and (8) the relative court congestion and time to trial in

7

each forum.
*Jones*, 211 F.3d at 488-89; *see also Avery v. TEKsystems, Inc.*, No. 22-CV-02733-JSC, 2022 WL 3998499, at *4 (N.D. Cal. Aug. 31, 2022) (listing convenience factors).

While great weight is generally accorded to a plaintiff's choice of forum, the forum choice of a named plaintiff seeking to represent a class is given less weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). The weight given to a plaintiff's forum choice also depends on the extent of the plaintiff's contacts with the forum, including those related to the cause of action. *Id.*; *see Pac. Car & Foundry Co. v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968) ("Plaintiff's choice of forum, then, is not the final word. In judging the weight to be given such a choice . . . consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts."). "If the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter," Plaintiffs' forum choice is entitled to only minimal consideration. *Lou*, 834 F.2d at 739.

Because Plaintiffs bring *Enomoto IV* as a putative class action, their forum choice is diminished. *Id*. Plaintiffs' choice of forum is further undermined because "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter." *Lou*, 834 F.2d at 739; *Easton v. Wells Fargo & Co.*, No. 20-CV-02193-HSG, 2020 WL 3639934, at *3 (N.D. Cal. July 6, 2020) ("Although Plaintiff's choice of forum is generally entitled to some deference, the degree of deference is substantially diminished . . . where: (1) the named plaintiff represents a class, (2) the plaintiff resides outside of the chosen forum, and (3) the conduct giving rise to the claims occurred in a different forum." (cleaned up)). Here, Plaintiffs appear to be residents of the Central District, their employment with Defendant was there, their supervisors were there, and the allegedly wrongful conduct took place there. (Dkt. No. 8-15 ¶¶ 5-7); *Enomoto I*, 2:22-cv-00334-DOC-KES, Dkt. No. 1 ¶ 7 (C.D. Cal Mar. 2, 2022). Plaintiffs do not allege they had any contacts with the Northern District of California related to their claims. *Pac. Car & Foundry Co.*, 403 F.2d at 954.

On balance, the other relevant convenience factors favor transfer to the Central District. Plaintiffs' convenience is entitled to lesser weight because Plaintiffs chose to sue in a forum where

they do not reside. *Easton*, 2020 WL 3639934, at *3. Defendant does not reside in California, but maintains an office in Orange County, which is in the Central District of California. (Dkt. No. 8-15 ¶¶ 5-7.) The familiarity of each forum with the applicable law weighs neutrally because both forums are federal courts located in California equally familiar with California and federal law. The feasibility of consolidation with other claims weighs heavily in favor of transfer, as *Enomoto I*, *Enomoto II*, and *Johnson I* were, are, or will be litigated in the Central District. Because Plaintiffs do not reside in the Northern District and have not alleged any contacts with this District related to this action, the local interest in this controversy is minimal. The Central District's interest in this controversy is much stronger, as the case involves individuals presumably residing there and a corporation employing people there.

Finally, transfer to the Central District serves the interests of justice.

> The "interests of justice" consideration is the most important factor a court must consider, and may be decisive in a transfer motion even when all other factors point the other way. A major consideration is the desire to avoid multiplicity of litigation from a single transaction. Indeed, in dictum, the Supreme Court has suggested that courts should give great weight to this consideration: "to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent."

*Gerin v. Aegon USA, Inc.*, No. C06-5407 SBA, 2007 WL 1033472, at *6 (N.D. Cal. Apr. 4, 2007) (cleaned up)). Given the exact same claims are on appeal from the Central District of California, it makes sense to transfer to the Central District of California.

Plaintiffs' insistence the Central District court "*ordered* Plaintiff Enomoto to re-file her state law claims in Alameda Superior Court," (Dkt. No. 18 at 2 (emphasis in original)), is false. The district court ordered Plaintiffs "to re-file their case in state court." (Dkt. No. 18-1 ¶ 7.) The district court did not order Plaintiffs to file in a state court with no connection to the complaint's allegations.

## CONCLUSION

Plaintiffs' choice of forum usually weighs against transfer, but here it is entitled to no deference because this is a putative class action, Plaintiffs do not reside in this District, Plaintiffs have not alleged contacts with this District related to their case, and Plaintiffs have not suffered

any alleged injuries in this District.  The Central District of California is the more appropriate venue for this action considering the convenience of the parties and witnesses, ease of access to evidence, local interest in the controversy, judicial economy, and the Court's desire to avoid multiplicity of litigation arising from the same set of facts.  28 U.S.C. § 1404(a) favors discretionary transfer to the Central District of California, where this case could have been brought.  Accordingly, the Court GRANTS Defendants' motion to transfer to the District Court of the Central District of California under 28 U.S.C. § 1404(a).

This Order disposes of Docket No. 17.

**IT IS SO ORDERED.**

Dated: September 25, 2023

JACQUELINE SCOTT CORLEY
United States District Judge